IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PAMELA K. CARSTENS,                    2:10-CV-809-PK

        Plaintiff,                     ORDER

v.

UMATILLA COUNTY and SHERIFF
JOHN TRUMBO, Sheriff of
Umatilla County,

        Defendants.


STEPHEN L. BRISCHETTO
621 S.W. Morrison Street, Suite 1025
Portland, OR 97205
(503) 223-5814

        Attorney for Plaintiff

STARLA JEAN GOFF
Smith, Freed, & Eberhard, P.C.
111 S.W. 5th Avenue, Suite 4300
Portland, OR 97204
(503) 227-2424

KEITH A. PITT
6254 N.E. Emerson Street
Portland, OR 97218
(503) 330-8097

        Attorneys for Defendants

**BROWN, Judge.**

Magistrate Judge Paul Papak issued Findings and
Recommendation (#72) on March 9, 2012, in which he recommends the
Court grant in part and deny in part the Motion (#24) for Partial
Summary Judgment by Defendants Umatilla County and Sheriff John
Trumbo and deny Plaintiff's Cross-Motion (#36) for Partial
Summary Judgment.  The matter is before this Court pursuant to
28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)
on timely Objections to the Findings and Recommendation by
Plaintiff (#74) and Defendants (#82).  Having reviewed both the
parties' extensive Objections to the Findings and Recommendation
as well as the underlying briefing on the parties' Cross-Motions
for Summary Judgment, the Court concludes for the reasons that
follow that this matter should be reassigned from the Magistrate
Judge to this Court for all purposes and that the Court should
resolve all of the issues relevant to the pending Motions outside
of the constraints of the process to review Findings and
Recommendations.

The Court acknowledges the significant amount of time and
effort already expended by the parties and the Magistrate Judge
in this matter.  Nevertheless, there are issues raised in the
parties' complex array of Objections that require additional
development, and if any of the parties' many Objections are
sustained in the current procedural posture of the case, the

2 - ORDER

Findings and Recommendation would normally be returned to the Magistrate Judge for further consideration and, in turn, further review by this Court. Thus, to conserve the parties' resources and in the interest of judicial economy, the Court requests the Clerk to reassign this matter to this Article III judicial officer for all purposes as soon as possible.

The Court concludes the best approach thereafter would be for this judicial officer to consider anew the parties' Cross-Motions for Summary Judgment in light of the record as a whole and to schedule additional oral argument before this Court. Accordingly, upon reassignment the Court will (1) strike the Findings and Recommendation and rule the pending Objections moot; (2) reconsider on their merits Defendants' Motion (#24) for Partial Summary Judgment, Plaintiff's Cross-Motion (#36) for Partial Summary Judgment, and all of the filings made by the parties related to these Motions; and (3) schedule oral argument on the pending Motions.

At oral argument the parties should be prepared to address the following issues raised in their Objections:

1.    Whether Defendant Sheriff John Trumbo is a "state official" for purposes of § 1983, Eleventh Amendment immunity, and/or qualified immunity. *See, e.g., Huminksi v. Corsones*, 396 F.3d 53, 70-72 (2d Cir. 2005); *Chaloux v. Killeen*, 886 F.2d 247 (1989); *Henry*

*A. V. Willden*, 678 F.3d 991 (9th Cir. 2012).

2.  Whether Sheriff Trumbo is a "final policy maker" for purposes of *Monell* municipal liability under § 1983 with policy-making authority that exceeds his discretion to fire employees. *See, e.g., Ulrich v. County of San Francisco*, 308 F.3d 968, 985 (9th Cir. 2002); *Gillette v. Delmore*, 979 F.2d 1342, 1350 (9th Cir. 1992).

3.  As to Plaintiff's First Claim under § 1983, whether the record on summary judgment contains sufficient evidence to raise a jury question that the County had a custom, policy, or practice of firing employees on the basis of their sex in support of Plaintiff's sex-discrimination claim that Defendants violated her constitutional right to equal protection.

4.  Whether Sheriff Trumbo had the legal authority to develop policies that could contradict the County's apparent designation of the position of Sergeant (Plaintiff's former position) as "at will."

5.  As to Plaintiff's Second and Third Claims, whether there is sufficient evidence in the record on summary judgment that a genuine issue of disputed fact exists for trial as to the existence of a custom, policy, or

4 – ORDER

practice of retaliation by Defendants for discrimi-
nation complaints by employees or as to the decision to
fire employees in advance of the hearings process.

6.    Whether Sheriff Trumbo has the authority unilaterally
to reinstate Plaintiff to her position as Sergeant in
accordance with the equitable relief sought by
Plaintiff in her First, Second, and Third Claims.

Court staff will contact counsel when the matter is
reassigned to set a date to hear oral argument.

IT IS SO ORDERED.

DATED this 26th day of July, 2012.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge


5 - ORDER