IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAMELA K. CARSTENS,                                    2:10-cv-00809-BR

      Plaintiff,                                    ORDER

v.

UMATILLA COUNTY and
SHERIFF JOHN TRUMBO,
Sheriff Umatilla County,

      Defendants.


STEPHEN L . BRISCHETTO
621 S.W. Morrison St., Suite 1025
Portland, OR 97205
(503) 223-5814

      Attorney for Plaintiff


1 - ORDER

**STARLA JEAN GOFF**
Smith, Freed & Eberhard, P.C.
111 S.W. 5th Ave., Suite 4300
Portland, OR 97204
(503) 227-2424

**KEITH A. PITT**
6254 N.E. Emerson St.
Portland, OR 97218
(503) 330-8097

       Attorneys for Defendants


**BROWN, Judge.**

      This matter comes before the Court to complete its consideration of Defendants' Motion for Partial Summary Judgment (#24) and Plaintiff's Cross-Motions for Summary Judgment (#36). For the reasons stated on the record in hearings on August 20, 2012 (#97) and on September 4, 2012, and as further set forth herein, these Motions are **granted in part** or **denied in part** or **as moot**, and the Findings and Recommendations (#73) are also **moot.** The Court also notes Plaintiff has **withdrawn** her Sixth Claim for common law wrongful discharge.  Finally, the Court makes the case-management, scheduling **Order** as set forth herein.


    **Defendants' Motion (#24) for Partial Summary Judgment**
    **Plaintiff's Cross-Motion (#36) for Partial Summary Judgment**

      As the parties well know, the issues raised in these Motions have been pending for more than one year, have been considered by

two Magistrate Judges[1] as well as this Court, and, in some respects, involve difficult issues of unsettled law.  To the extent new decisions of the Oregon Court of Appeals, the Oregon Supreme Court, or the Ninth Circuit Court of Appeals settle any of these issues while this case is still pending in this Court, the parties have leave to seek the Court's reconsideration of its rulings on these Motions.

At the conclusion of the August 20, 2012, hearing, the Court invited the parties to submit additional, summary arguments on the specific question whether Umatilla County Personnel Policy 2.8, providing that certain employees (such as an employee in the position that Plaintiff held before her termination) are "at-will" employees, controlled over the written and arguably inconsistent policies implemented by the Umatilla County Sheriff, Defendant Trumbo, putatively entitling such an employee to a

---

[1]Magistrate Judge Sullivan presided over this case from the time of its filing until October 2011 when she recused herself from further proceedings.  Magistrate Judge Papak was then assigned the matter and, after considering the pending Motions, issued his Findings and Recommendations in March 2012. Thereafter, the parties sought and received various extensions of time to make their record regarding the Findings and Recommendations, and their briefing was completed in May 2012. Because of the complexities in this matter and to preserve judicial resources and those of the parties, this Court concluded it was most practical for the matter to be reassigned to this judicial officer for all purposes (thus eliminating any need to refer the matter back to the Magistrate Judge) and for the Court to consider the merits of the pending Motions anew and in light of the record as a whole instead of limiting its consideration only to the Findings and Recommendations.

hearing before a particular board before any termination of
employment.  This issue is at the heart of Plaintiff's claims for
violation of her Fourteenth Amendment due-process rights
associated with her alleged property interest in her employment
and her state-law claim for breach of contract.  Despite the
considerable efforts of the parties and Magistrate Judge Papak to
resolve this critical question, the Court is not satisfied on the
present record that Defendants have established – as a matter of
applicable law – that Plaintiff did not have a constitutionally-
protected property interest in her employment.  Accordingly, to
the extent Defendants' pending Motion presently seeks summary
judgment on that basis, their Motion (#24) is denied.[2]

Defendants, however, also seek summary judgment in favor of
Defendant Trumbo on the basis of qualified immunity for his
alleged failure to observe and to provide due process for any
constitutionally-protected property interest in Plaintiff's
employment.  In light of the difficulty the record establishes in
resolving this legal question, it follows that the existence of
such a right in the circumstances of this case has not, in fact,
been clearly established, and, therefore, Defendant Trumbo is
entitled to qualified immunity on Plaintiff's Fourteenth

---

[2] The Court also notes that, in the light most favorable to
Plaintiff, rational jurors could conclude a reasonable sergeant
in Plaintiff's position would expect to receive due process in a
form consistent with the Sheriff's policies.

Amendment due-process claim involving her alleged property interest.[3]

Likewise, the Court cannot say on this record that Plaintiff has established as a matter of state law that the contract she alleges was breached is not, as Defendants contend, *ultra vires* at its inception based, again, on Umatilla County Personnel Policy 2.8.  Thus, the Court also denies Plaintiff's Cross-Motion for Summary Judgment to this extent.

The Court expects it will have to revisit – and to resolve – this important issue in connection with pre-trial preparation on a more fully developed record.

With respect to Plaintiff's Fourteenth Amendment due-process claim based on a violation of her alleged liberty interest in her reputation and for the reasons stated on the record, the Court concludes Oregon law is not clearly established as to whether various alleged disclosures Defendants made to the Oregon Department of Public Safety Standards and Training of Defendants' investigation of Plaintiff and of the termination of her employment are sufficient to meet the "publication" prong her of

---

[3]If there is such a right, Plaintiff contends Defendant Umatilla County is liable for the alleged breach thereof because Defendant Trumbo was acting as Umatilla County's "final policymaker" in the instance of Plaintiff's termination.  The Court concludes there is an issue of fact as to Sheriff Trumbo's status in this regard.  Accordingly, Defendants' Motion is denied to the extent that it seeks judgment in favor of Umatilla County on this claim.

burden to prove such a liberty-interest, due-process claim. Accordingly, the Court grants that part of Defendants' pending Motions seeking qualified immunity for Defendant Trumbo as to that claim.[4]

With respect to Defendants' Motion against Plaintiff's claims for disability discrimination (including her claim for "regarded-as" disability), the Court adopts Magistrate Judge Papak's analysis in finding there are issues of fact that preclude summary judgment in Defendants' favor as to those claims.

## **Scheduling Order**

The following deadlines apply to this matter:

By 10/12/2012, the parties shall file (a) their Joint Stipulation re deadlines for all expert witness disclosures in order to complete expert discovery no later than 1/25/2013, and (b) their Joint Pretrial Order. As to the latter, the Court directs the parties to make clear therein what claims are asserted against which Defendant(s).

All expert discovery shall be completed by 1/25/2013. The

---

[4] The same issue regarding Defendant Trumbo's status as Umatilla County's "final policymaker" in these circumstances also exists with respect to the alleged liability of Umatilla County for any such violation. Accordingly, the Court denies Defendants' Motion to the extent that Defendants seek judgment in the County's favor on this claim.

last day to file any discovery motion related to expert discovery is 1/4/2013, with any opposition thereto filed within 7 days of the initiating motion.

No later than 2/22/2013, the parties shall file a Joint ADR Report, their jointly proposed Jury Instructions related to the elements of Plaintiff's claims and to any affirmative defenses as well as the parties' jointly proposed Verdict form. A Pretrial Conference will be held at 9:00 a.m., 3/1/13, to address these filings.

The parties' trial papers as explained on the record are due by Noon on 4/4/2013. The Court will conduct the Final Pretrial Conference in the Portland Courthouse beginning at 9:00 a.m. on 4/11/2013. Jury Trial will commence in the Pendleton Courthouse on 04/16/2013 at 9:00 a.m. and is scheduled for 4+ days.

IT IS SO ORDERED.

DATED this 6th day of September, 2012.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge


7 - ORDER